319 F.3d 1089
 James R. MATHESON, Jennifer Matheson, Marcelee Matheson, and Roger Matheson, Plaintiffs-Appellants,
v.
PROGRESSIVE SPECIALTY INSURANCE COMPANY, d/b/a, a/k/a Progressive, Progressive Companies, Progressive Insurance Group, Progressive Insurance Co., Defendant-Appellee.
 No. 02-15186.
 United States Court of Appeals, Ninth Circuit.
 Filed February 3, 2003.
 
 Bryan W. Lewis, Lewis & Shreve, LLP, Las Vegas, NV, for the plaintiffs-appellants.
 Scott A. Glogovac, Nicholas F. Frey, Burton, Bartlett & Glogovac, Reno, NV, for the defendant-appellee.
 Before SILVERMAN, GOULD, Circuit Judges, and SEDWICK, Chief District Judge.[1]
 ORDER
 PER CURIAM.
 
 
 1
 James, Jennifer, Marcelee, and Roger Matheson ("Mathesons") seek review of two district court decisions granting summary judgment in favor of defendant, Progressive Specialty Insurance Co. ("Progressive"). Both sides assert that the district court had jurisdiction pursuant to 28 U.S.C. § 1332 following Progressive's removal of the case from state court. Of course, the parties cannot stipulate to jurisdiction where none exists. We have an ongoing obligation to be sure that jurisdiction exists.[2] If the district court lacked jurisdiction, we would have jurisdiction to correct the jurisdictional error, but not to entertain the merits of an appeal.[3]
 
 
 2
 Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed.[4] Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000. Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.[5] Where doubt regarding the right to removal exists, a case should be remanded to state court.[6] Although we have not addressed the types of evidence defendants may rely upon to satisfy the preponderance of the evidence test for jurisdiction, we have endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any "summary-judgement-type evidence relevant to the amount in controversy at the time of removal."[7] Conclusory allegations as to the amount in controversy are insufficient.[8]
 
 
 3
 In this case, it is not facially evident from the Mathesons' complaint that the controversy involves more than $75,000. The complaint seeks "in excess" of $10,000 for economic loss, "in excess" of $10,000 for emotional distress, and "in excess" of $10,000 for punitive damages, but how much "in excess" is not explained. The record available to this court does not include the petition for removal, so it is not clear whether additional facts were set out there. The record that is available to this court is devoid of any evidence that Progressive made the required showing of the amount in controversy. Similarly, there is nothing in the record demonstrating that the district court determined that the amount in controversy exceeds $75,000.
 
 
 4
 The record suggests that there is at least a serious question whether more than $75,000 was in controversy when this case was removed. It appears that the economic loss claim is based on Progressive's failure to pay an insured's claim for loss of a truck for a period of less than two months. It appears that the value of the truck was ultimately determined to be $15,516. If this is so, it is difficult to see economic loss significantly above the $10,000 appearing on the face of the complaint. Indeed, one might be forgiven for wondering how deprivation of an asset worth less than $16,000 for a period of two months could be worth as much as $10,000. Similarly, the emotional distress damages associated with such a deprivation would not appear to be significantly in excess of the $10,000 floor pled in the complaint. Finally, under the circumstances it is not clear that punitive damages significantly in excess of the $10,000 floor mentioned in the complaint are at stake. In short, from all that is available to this court, it could easily be concluded that there was not a great deal more than $30,000 in controversy when this case was removed. Of course, this discussion is not intended to suggest what the actual amount in controversy might be. The point is that the available record does not establish that the district court had jurisdiction.
 
 
 5
 We cannot consider the merits of the appeal before assuring ourselves that the district court had jurisdiction. For that reason, we remand this matter to the district court for a determination of whether the amount in controversy is sufficient to establish jurisdiction.
 
 
 6
 REMANDED.
 
 
 
 Notes:
 
 
 [1]
 The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation
 
 
 [2]
 California ex rel. Sacramento Metropolitan Air Quality Management Dist. v. U.S., 215 F.3d 1005, 1009 (9th Cir.2000).
 
 
 [3]
 Id.
 
 
 [4]
 28 U.S.C. § 1441(a)
 
 
 [5]
 Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir.1996) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992), and quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).
 
 
 [6]
 See Gaus, 980 F.2d at 566.
 
 
 [7]
 Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir.1995)).
 
 
 [8]
 See Gaus, 980 F.2d at 567.