George E. WILSON and Mary
Ann Wilson, Plaintiffs,

v.

UNION SECURITY LIFE
INSURANCE COMPANY,
Defendant.

No. CV02–376–S–EJL.

United States District Court,
D. Idaho.

March 14, 2003.

Richard H. Greener, Cosho H. Umphrey Greener & Welsh, Boise, ID, Terry M. Michaelson, Bryan K. Walker, Hamilto N. Michaelson & Hilty, Nampa, ID, for George E. Wilson, Mary Ann Wilson, plaintiffs.

Gary T. Dance, Moffatt Thomas Barrett Rock & Fields, Pocatel lo, ID, for Union Security Life Insurance Company, defendant.

## ORDER

LODGE, District Judge.

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant removed this action from state court and invoked this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332.[1] The Plaintiffs, in turn, filed a Motion to Remand. The motion is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

 "Only actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Audette v. ILWU*, 195 F.3d 1107,

---

1. Defendant filed the Notice of Removal on August 15, 2002, and attached a copy of the Plaintiffs' Complaint filed on July 24, 2002. However, prior to removal Plaintiffs had properly filed an Amended Complaint in state court on August 13, 2002. Therefore, on August 21, 2002, Defendant filed an Amended Notice of Removal to which the Defendant attached, among other exhibits, the Plaintiffs' Amended Complaint of August 13, 2002.

1111 (9th Cir.1999). The starting point for the Court's inquiry in this case is the principle that places the "burden of establishing federal jurisdiction . . . on the party seeking removal." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Because the Defendant seeks to remove this case to the federal forum based on diversity jurisdiction, it must show (1) that the parties are in complete diversity, and (2) that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003). There is no dispute that the first element is satisfied. At issue is whether the jurisdictional minimum is present. More precisely, the question is whether in a case where Plaintiffs' Complaint does not specify damages in excess of the jurisdictional minimum, Defendant has made the showing necessary to establish that the amount in controversy exceeds $75,000.

 On its face, the Plaintiffs' Amended Complaint does not claim a specific amount of damages.[2] In the Amended Notice of

Removal the Defendant states that a "review of the [Plaintiffs'] Complaint and Demand for Jury Trial shows that plaintiffs have placed more than $75,000.00 in controversy." (Am. Notice of Removal ¶ 6). Defendant then recites the allegations contained in Plaintiffs' Amended Complaint that it believes establishes the jurisdictional minimum: (1) a request for compensatory damages for breach of contract, breach of the covenant of good faith and fair dealing, bad faith, and intentional and negligent infliction of emotional distress, (2) a request for attorneys' fees, and (3) a request for leave to amend the Amended Complaint to seek punitive damages. (*Id.*). From this the Defendant concludes that " '[c]ommon sense dictates that, whatever the level of compensatory damages, the specter of attorney fees and especially of punitive damages under the particular facts alleged makes it more likely than not the Complaint creates a controversy involving an amount in excess of $75,000.' "[3] (*Id.*).

 Defendant has the burden of proving, by a preponderance of the evidence,

---

2. However, Plaintiffs' Amended Complaint states that Plaintiffs "believe [the amount of damages] does not exceed the sum of $75,000.00, exclusive of interest and costs." (Am. Notice of Removal, Ex. A at 9). To resolve the issues presented, the Court need not determine at this time whether a request for damages in a specific amount less than $75,000 is relevant evidence in making the jurisdictional valuation and/or triggers a more stringent standard. *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that where plaintiff has set forth in the complaint a specific request for damages and attorneys' fees that on its face is an amount less than the jurisdictional minimum the defendant "must prove to a legal certainty that plaintiff's claim must exceed $[75,000]").

3. In support of this proposition Defendant cites to an unpublished decision from the District of Idaho. A prior decision of the district court is controlling only as to the

particular case in which it was entered. *See Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir.2001) ("That the binding authority principle applies only to appellate decisions, and not to trial court decisions, is yet another policy choice. There is nothing inevitable about this; the rule could just as easily operate so that the first district judge to decide an issue within a district, or even within a circuit, would bind all similarly situated district judges, but it does not."). And an unpublished decision is not usually suitable as a source of persuasive authority. *Id.* at 1178. ("An unpublished disposition is, more or less, a letter from the court to parties familiar with the facts, announcing the result and the essential rationale of the court's decision. . . . and the rule of law is not announced in a way that makes it suitable for governing future cases."). In any event, this Court must follow the law as set forth by the Ninth Circuit and the United States Supreme Court. *Id.* at 1174.

that the amount in controversy exceeds $75,000. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir.2002). In this regard, the district court may consider whether it is "facially evident from the complaint that more than $75,000 is in controversy." *Matheson*, 319 F.3d at 1090. If not, the court will consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.*

■ Defendant did not set forth any facts in the removal petition or submit any summary-judgment-type evidence. And its reliance on "common sense" makes it clear that Defendant believes it is "facially evident" that this controversy involves more than $75,000. However, Plaintiffs' Amended Complaint provides no reasoned basis for determining the amount in controversy. Nowhere in the Amended Complaint does it relate the necessary facts or circumstances that would permit the Court to reasonably infer the probable extent of Plaintiffs' damages. To rely on what effectively is mere speculation and conjecture is contrary to the Ninth Circuit's requirement that the jurisdictional determination be grounded on a factual basis that is similar in quality to "summary-judgement-type evidence." *Id.*

In essence, by appealing to "common sense" the defendant is asking that it be relieved of its burden of proof and/or that the Court supply the relevant factual information. But neither option is permissible under the case law. For instance in *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir.1996), the defendant insisted that the plaintiff's request for injunctive relief satisfied the amount in controversy requirement. 102 F.3d at 405.

The Ninth Circuit rejected this argument because it found that the defendant had "provided us with absolutely no evidence which would allow us to determine the extent of the loss which it might incur if an injunction is granted." *Id.* Likewise, in the *Cohn* decision the Ninth Circuit refused to assert jurisdiction over a case merely because the plaintiff's complaint "asked for treble compensatory damages, treble the profits derived by [defendant] from the alleged infringement, attorney's fees and an injunction," but instead required "evidence[ ] that the amount in controversy exceeds $75,000." 281 F.3d at 839–40 n. 1. Finally, in a case very similar to the one here, the Ninth Circuit in *Matheson* expressly held that "it is not facially evident from the [plaintiffs'] complaint that the controversy involves more than $75,000" where the plaintiff sought recovery for economic loss, emotional distress and punitive damages. 319 F.3d at 1091.

Defendant's suggestion—that the Court apply its "common sense"—is not only contrary to the case law and the traditional notion that the party who carries the burden come forward with evidence, but it has the significant consequence of denying the Plaintiffs the opportunity of disputing the factual basis underpinning the Court's eventual conclusion. If the Defendant is relieved of the burden of providing any factual support for its jurisdictional assertion with the expectation that the Court will supply the necessary justification at the time it renders its decision, the Plaintiffs will never be permitted to challenge the quantitative analysis giving rise to the jurisdictional determination. And a plaintiff clearly is entitled to contest the evidence bearing on the jurisdictional amount.[4] *See, e.g., Cohn*, 281 F.3d at 840

---

4. However, where, as here, a defendant fails to provide any factual support or evidence to support removal, the Court may summarily remand the action. *See Matheson*, 319 F.3d at 1090–91 (performing *sua sponte* jurisdictional analysis); *Gaus v. Miles, Inc.*, 980 F.2d

(noting that plaintiff could have argued that defendant's evidence of the jurisdictional amount "was inflated and not an honest assessment of damages, but ... made no attempt to disavow his letter or offer contrary evidence"). Defendant, however, implies that the framework it suggests is permissible because to proceed otherwise would tread on its right of removal.

■ But the very statute that creates the "right" of removal has been universally interpreted as an effort by Congress to *limit* federal jurisdiction. *Sanchez*, 102 F.3d at 402 ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts.") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). For this reason, there is a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). This principle dictates that the removal statute be "strictly construed against removal jurisdiction," *id.*, and that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090. And most importantly in the context of this case, the "authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure." *Gaus*, 980 F.2d at 567 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Thus, the "right" of removal exists within the narrow confines of the statute's limitations. Among other things, that requires the Defendant to come forward with the *"underlying facts* supporting its assertion that the amount in controversy exceeds [$75,-000]." *Id.* (emphasis in original).

■ The Defendant, then, must do more than merely point to Plaintiffs' request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees in this case.[5] *See, e.g., Surber v. Reliance Nat'l Indemnity Co.,* 110 F.Supp.2d 1227, 1232 (N.D.Cal.2000) (explaining that "bald statement" that attorney's fees "may well, in and of themselves, exceed the jurisdiction minimum.... does not suffice to create subject matter jurisdiction," and instead defendant must provide evidence to establish the approximate cost of plaintiff's attorney's fees, including evidence supporting a reasonable estimate of the time the case will require and counsel's hourly billing rate). Similarly, it is not enough to tell the Court that Plaintiffs seek punitive damages, Defendant must come forward with evidence showing the likely award if Plaintiffs were to succeed in obtaining punitive damages.[6] *See, e.g., Conrad Assocs. v. Hartford Acci-*

---

564, 565–67 (9th Cir.1992) (performing *sua sponte* jurisdictional analysis and instructing the district court to summarily remand the case to state court); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986) (noting that a federal court should undertake an immediate review of a newly filed case to confirm that jurisdiction is proper).

**5.** Of course attorney's fees may be considered only "[w]hen an underlying statute authorizes an award of attorney's fee." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

**6.** A defendant may count punitive damages as part of the amount in controversy only if they are recoverable as a matter of law. *See, e.g., Surber*, 110 F.Supp.2d at 1232. "Whether to award punitive damages is a question of state law." *See, e.g., Cent. Office Tel., Inc. v. Am. Tel. & Tel. Co.*, 108 F.3d 981, 993 (9th Cir. 1997) *rev'd on other grounds*, 524 U.S. 214, 118 S.Ct. 1956, 141 L.Ed.2d 222 (1998). Under the unique statutory scheme governing punitive damages in Idaho, it is uncertain whether at the time the original complaint is filed the plaintiff has made out a claim for punitive damages that is recoverable as a matter of law. Idaho Code § 6–1604(2). The

*dent & Indem. Co.*, 994 F.Supp. 1196, 1200–01 (N.D.Cal.1998) (refusing to consider as part of the jurisdictional inquiry plaintiff's claim for punitive damages because the "court ha[d] not been presented with any *facts* " and defendant's "burden cannot be met simply by pointing out that the complaint seeks punitive damages and that damages awarded under such a claim *could* total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages," but requiring instead that defendant submit evidence of jury awards in cases involving analogous claims and facts (emphasis in original)). And where, as here, the Defendant relies on the damages that might flow from the Plaintiffs' causes of action, it must provide evidence that would permit a reasoned calculation of those damages.[7] *See, e.g., Birkenbuel v. M.C.C. Construction Corp.*, 962 F.Supp. 1305, 1306 (D.Mont.1997) (stating that it is

up to the defendant to present evidence that shows the damage computation exceeds $75,000 and finding without such evidence that "it is impossible to say whether the Complaint states a claim for the jurisdictional amount"); *see also Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753, 763 (E.D.Mich.1990) (discussing examples of specific facts sufficient to establish the jurisdictional minimum including where "plaintiff's medical records revealed that he had undergone four separate surgical procedures for his injury"). Of course, the Defendant also can submit other evidence that may demonstrate the amount in controversy.[8] *See, e.g., Cohn*, 281 F.3d at 840 (holding that a "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"). But Defendant cannot carry its burden by relying on what it concedes in this case is a "bare record."[9] (Response to Mot. to Remand at 5).

Court, however, need not resolve this question to decide the issues presented here.

7. The Ninth Circuit has expressly noted that "we have not addressed the types of evidence defendants may rely upon to satisfy the preponderance of the evidence test for jurisdiction." *Matheson*, 319 F.3d at 1090. However, every published decision of a district court sitting within the Ninth Circuit that this Court could locate appeared to endorse the type of evidentiary requirements set forth above. For this reason, the Court finds unpersuasive the Defendant's citation to two out-of-circuit district court decisions.

8. In this regard, Defendant contends that removal is proper here because the Plaintiffs have not stipulated that the amount in controversy is less than $75,000. This confuses the burden. The burden of demonstrating the amount in controversy rests squarely on the Defendant, not the Plaintiffs. *Birkenbuel*, 962 F.Supp. at 1306 (rejecting defendant's objection that plaintiff had offered no evidence regarding damages because the burden of proof is on defendant, not plaintiff). Moreover, "it would be unfair to give defendants a

strategic advantage by being able to *force* plaintiffs to make a choice between stipulating against their future remedies and remaining in federal court." *Conrad Assocs.*, 994 F.Supp. at 1199 n. 2 (emphasis in original).

9. Defendant implies that it was forced to file its Notice of Removal now because the statute requires removal ·within thirty (30) days of receipt of the Plaintiffs' Complaint. In fact, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316–18 (9th Cir.), cert. denied, 525 U.S. 963, 119 S.Ct. 407, 142 L.Ed.2d 330 (1998); *see also Birkenbuel*, 962 F.Supp. at 1307 ("If at some future time it becomes clear, through some sort of 'other paper,' that the amount of the plaintiff's claim exceeds $75,000, the defendant may, within 30 days of receiving such paper, remove the case.").

Defendant's unsupported assertion that this action meets the jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds $[75,000]." *Gaus,* 980 F.2d at 567 (emphasis in original); *see also Sanchez,* 102 F.3d at 404 n. 5. Because removal jurisdiction "cannot be based simply upon conclusory allegations," this case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction *See Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376–77 (9th Cir.1997) (explaining that "where the plaintiff does not claim damages in excess of $[75,000] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds $[75,000], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied").

### ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Docket No. 6) is **GRANTED,** and that the above-entitled action is remanded to the district court of the Fourth Judicial District of the State of Idaho In and For the County of Ada, No. CV OC 0205743D; and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.