**Mona ANSLEY, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY; Met Disability, et al., Defendants.**

**No. CV–03–80–TUC–JMR.**

United States District Court,
D. Arizona.

May 12, 2003.

David Anaise, M.D., Benham & Anaise, Tucson, AZ, for plaintiff.

Robert Clifford Hackett, Daniel Paul Beeks, Mohr, Hackett, Pederson, Blakley & Randolph PC, Phoenix, AZ, for defendants.

### ORDER

ROLL, District Judge.

Pending before the Court are Plaintiff's (1) "Opposition to Notice of Removal, Request for Change of Venue and Demand for Jury Trial," (2) "Motion to Strike Defendant's Misstatements of Facts," and (3) "Motion to Amend Complaint." The Court construes Plaintiff's "Opposition to Notice of Removal" as a Motion for Remand. For the reasons stated below, Plaintiff's Motion for Remand is denied, her request for change of venue is denied as moot and her motion to amend complaint is denied.

### Background

On December 12, 2002, Plaintiff filed a complaint against Metropolitan Life Insurance Company and/or Met Disability (MetLife) in the Pima County Superior Court alleging bad faith and breach of contract. According to her complaint, Plaintiff purchased long-term disability insurance through MetLife. She alleges she was determined to be disabled[1] and filed a claim for long-term disability benefits with MetLife in November of 2000. Plaintiff further contends that on April 23, 2003, MetLife informed her that her claim was denied due to the delay in receiving her medical information, which it requested from her.

On February 5, 2003, MetLife filed a Notice of Removal alleging that this Court had jurisdiction over the matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. On February 27, 2003, Plaintiff filed an opposition to notice of removal which the Court construes as a motion to remand. She also filed a request for change of venue and a demand for jury trial. MetLife filed its response on March 18, 2003. The next day, Plaintiff filed a motion to strike Defendant's misstatements of fact. On March 27, 2003, Plaintiff filed a motion to amend her complaint to add the City of Tucson as a defendant.

### 1. Plaintiff's Motion to Remand and Motion to Strike

Plaintiff contends that Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. In support of this argument, Plaintiff cites to *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089 (9th Cir.2003). She states that in *Matheson,* the Ninth Circuit determined that the defendant had failed to demonstrate by a prepon-

---

1. Plaintiff suffers from insulin dependent diabe- tes.

derance of the evidence that the amount in controversy meets the jurisdictional threshold, and more importantly, refused to consider the potential value of punitive damages in calculating the amount in controversy.

In response, MetLife contends that it is more likely than not that the amount in controversy exceeds $75,000. First, MetLife argues that the amount of attorneys' fees in this matter alone will exceed $75,000. In support of this argument, MetLife attaches the affidavit of one of its attorneys, Daniel Beeks. In his affidavit, Mr. Beeks avers that based on his experience representing disability insurance companies, if this case proceeds to trial, "the attorneys' fees incurred by both sides will exceed $75,000." MetLife contends that Plaintiff has not disputed Mr. Beeks' affidavit.

MetLife also argues that Plaintiff's request for punitive damages can be considered in determining the amount in controversy. It alleges that based on the cases cited in its notice of removal, jury verdicts in bad faith litigation, in particular, disability insurance bad faith cases, typically exceed $75,000. Lastly, MetLife contends that after receiving Plaintiff's opposition to the notice of removal, it offered to withdraw the notice of removal if Plaintiff would agree to not seek more than $75,000 in damages. It claims that Plaintiff refused to do so and that this refusal indicates that the amount in controversy exceeds $75,000.

In reply, Plaintiff filed a motion to strike, alleging that MetLife's statement that she refused to accept $75,000 to satisfy her claim is false and should be stricken. She states MetLife filed its response without waiting for her answer to its offer to withdraw its notice of removal. She also states that she would accept $75,000 to satisfy her actual losses as well as her pain and suffering but excluding her attorney's fees and punitive damages. She further alleges that she sought to settle this matter for far less than $75,000.

*(a) Legal Standard*

Plaintiff does not dispute that diversity of citizenship exists between the parties and the Court finds that diversity of citizenship does in fact exist.[2] Therefore, the sole issue is whether Plaintiffs' action satisfies the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332.

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id.* (citations omitted). A removing defendant may not rely on conclusory allegations and must provide some facts to support its claim that the amount in controversy requirement is satisfied. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir.1997) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992) and *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

For purposes of calculating the amount in controversy, in addition to considering a plaintiff's potential compensatory damages, a court may consider a plaintiff's potential punitive damages as well as a potential award of attorneys' fees, if such fees are authorized. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir.2000) (punitive damages) (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir.1998) (attorneys' fees).

*(b) Discussion*

As with most complaints originally filed in Arizona state court, Plaintiff's complaint does not specify the amount of damages. In any event, MetLife has adequately

---

**2.** In her complaint, Plaintiff names several "Doe" defendants. In determining whether diversity of jurisdiction exists, only the named defendants are considered. *Newcombe v. Adolf*

*Coors Co.*, 157 F.3d 686, 690–91 (9th Cir.1998). *See also* 28 U.S.C. § 1441(a) ("For purposes of removal . . ., the citizenship of defendants sued under fictitious names shall be disregarded.")

demonstrated that the $75,000 amount in controversy requirement is met in this case.

In her bad faith claim, Plaintiff alleges that MetLife "unfairly and dishonestly" denied her claim for long-term disability benefits based on the determination that she unreasonably delayed submitting her medical information to MetLife. Plaintiff seeks damages that will "deter such action in the future." [3] The amount of punitive damages "will more likely than not" be a significantly large amount of money. *Sanchez*, 102 F.3d at 404. This is evidenced by the cases cited by MetLife in its notice of removal, all which involved disability insurance bad faith.[4] In each case, the plaintiff was awarded at least $500,000 in punitive damages.

In addition to her bad faith claim, Plaintiff alleges a breach of contract claim, under which she seeks an award of attorneys' fees.[5] As MetLife's attorney states in his affidavit, a fee award in this case is likely to be significant.

Also of relevance is the fact that Plaintiff filed a certificate in state court indicating that the case was not subject to compulsory arbitration as provided by the Arizona Rules of Civil Procedure. Based on this certificate, Plaintiff concedes that she is seeking more than $50,000. *C.f. Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 376 (9th Cir.1997) (where state law prohibited the plaintiff from stating the amount in controversy in the complaint, the district judge had the discretion to accept the plaintiff's admission establishing it).

In addition, according to MetLife, Plaintiff refused to agree to not seek more than $75,000 in damages in exchange for MetLife's withdrawing its notice of removal. Plaintiff contends that this statement is false and should be stricken. The statement will not be stricken but will be considered in lieu of the additional facts provided by Plaintiff in her motion to strike. In any event, MetLife has established that it is more likely than not that the amount in controversy exceeds $75,000.[6]

Lastly, Plaintiff's reliance on *Matheson* is misplaced. In *Matheson*, the plaintiff's claim involved an insurer's alleged failure to pay an insured's claim for loss of a truck valued at $15,516 for less than two months. 319 F.3d at 1091. The Ninth Circuit found that based on the facts of the case and the absence of any evidence in the record, the amount in controversy requirement did not appear to be met and remanded the case to the district court to determine whether it had jurisdiction. *Id.* The *Matheson* case is factually distinguishable from the instant case. *Matheson* involved denial of a claim for loss of a truck for two months; here, Plaintiff is alleging the denial of a claim for long-term disability benefits for more than a year. In addition, in contrast to the defendant in *Matheson*, MetLife did provide evidence to the Court in its notice of removal establishing the amount in controversy.

Accordingly, Plaintiff's motion to remand is denied.

### 2. Plaintiff's Request for Change of Venue

Plaintiff requests that should the Court hold that removal is proper, the case should

---

**3.** Although her state law complaint does not specifically state that she is requesting punitive damages, it appears that by this language, MetLife assumed that she was seeking punitive damages. Plaintiff has not indicated otherwise.

**4.** Although there is no clear Supreme Court or circuit case law regarding whether a district court may consider jury awards in similar cases in measuring the amount in controversy, the cases relied upon by MetLife provide guidance.

**5.** Arizona law provides for an award of attorneys' fees in contract actions. A.R.S. § 12-341.01.

**6.** In her motion to strike, Plaintiff states that she would "accept $75,000 to satisfy her actual losses as well as her pain and suffering, excluding attorney's fees and punitive damages." She then states that she has shown that "her actual losses in this case are somewhat less than $17,000 and [MetLife] has not [shown] that the actual damages without attorney's fees and punitive damages exceed $75,000." These statements appear to be based on Plaintiff's misconception that attorneys' fees and punitive damages are not relevant in determining the amount in controversy. In addition, these statements are based on settlement figures, which are generally lower than those that would result if the case proceeded to trial.

be transferred to the proper venue, Tucson, Arizona. The case was removed to the Tucson Division of the District of Arizona. Accordingly, Plaintiff's request for change of venue is moot.

### 3. Plaintiff's Demand for Jury Trial

■ Plaintiff filed her demand for jury trial on February 27, 2003. The only issue at this time is whether this demand was timely.

Rule 81(c) of the Federal Rules of Civil Procedure provides:

If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Here, the notice of removal was mailed to Plaintiff on February 5, 2003. Even providing three days for mailing, it appears that Plaintiff did not file her demand for jury trial within 10 days of service of the notice of removal. It also appears that Plaintiff did not file a demand for jury trial in state court. Under Arizona law, a party must make a demand for a jury trial, Ariz. R. Civ. P. 38(b), or it is waived, Ariz. R. Civ. P. 38(d).[7] Therefore, it appears that any trial in this

matter shall be to the Court. If a party wishes to challenge this determination, it must file an appropriate motion within 20 days of the date of the filing of this order.

### 4. Plaintiff's Motion to Amend Complaint

Plaintiff seeks to amend her complaint to add the City of Tucson (City). She claims that the City is a necessary party as she worked for the City and was misled by the City regarding her rights. MetLife has not responded to Plaintiff's motion to amend.

Rule 15(a) of the Federal Rules of Civil Procedure states: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Here, granting Plaintiff's motion to amend would destroy the Court's jurisdiction over this matter, as diversity of citizenship would no longer exist.

■ Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand to the State court." "[T]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court ...." *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir.1998). Section 1447(e) is silent as to how courts should exercise this discretion. However, courts have considered a variety of factors including (1) whether the person sought to be joined is a necessary party under Rule 19(a), *Lopez v. General Motors Corp.,* 697 F.2d 1328, 1332 (9th Cir.1983); (2) the plaintiff's motive for seeking joinder and whether plaintiff is seeking to add a defendant solely to destroy diversity of citizenship, *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1376 (9th Cir.1980); (3) the delay in seeking to add the new defendant, *Lopez,* 697

---

7. According to Rule 38(e) of the Arizona Rules of Civil Procedure, a demand for a jury trial "may be made by any party by serving upon the other party a demand thereof in writing at any time after the commencement of the action, but not later than the date of setting the case for trial or ten days after a motion to set the case for trial is served, whichever first occurs."

F.2d at 1332; (4) whether, if joinder is denied, the statute of limitations would bar an action against the new defendant in state court, *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351–52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); (5) the apparent validity of the claim, *Goodman v. Travelers Ins. Co.,* 561 F.Supp. 1111, 1113 (N.D.Cal.1983); and (6) any prejudice to the plaintiff if the amendment is denied, *Newcombe,* 157 F.3d at 691. *See* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.41[2][d][i][B] (3d ed.2003).

#### (a) *Rule 19 considerations*

Rule 19(a) states:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party . . . .

■ The City is not a necessary party under Rule 19(a). According to the proposed amended complaint, Plaintiff's action against the City concerns her right to short-term disability insurance. She alleges that the City improperly advised her to immediately take the medical retirement benefit and apply for short-term disability, despite knowing that acceptance of the medical retirement benefit renders one unable to apply for short-term disability. Plaintiff's claim against MetLife, on the other hand, involves her claim for long-term disability benefits, which she alleges MetLife improperly denied. Although her short-term disability insurance policy appears to have been administered by MetLife,[8] she does not claim that MetLife improperly denied her short-term disability claim based on her acceptance of the medical retirement benefit, but rather, that she lost her right to short-term disability due to misrepresentations by the City. None of the factors listed in Rule 19(a) that require joinder are implicated.[9]

#### (b) *Plaintiff's motive*

Plaintiff's motive is questionable as she apparently seeks to have this action proceed in state court, as evidenced by her motion to remand.

#### (c) *Delay*

Although Plaintiff has brought her motion to amend early in the litigation, the timing of the motion to add the City is suspect. It is unclear why Plaintiff waited until the case was removed to add the City as a defendant.

#### (d) *Statute of Limitations/Strength of Claim*

It is unclear from the proposed amended complaint as to when the statute of limitations on Plaintiff's bad faith claim against the City began to run. However, according to the amended complaint, Plaintiff was determined to be disabled in November of 2000.

**8.** According to MetLife's answer, Plaintiff was a participant in the City's employee benefit plan. This plan included a Weekly Indemnity Program providing short-term and long-term disability plans. It appears from its answer that although MetLife issued a group long-term disability insurance policy to the City, it only administered the short-term disability insurance plan for the City.

**9.** Although the City is not a necessary party under Rule 19(a), in order to be joined the City should also qualify as a permissive party under Rule 20. Rule 20 states that "all persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The City appears to be a permissive party under this rule because Plaintiff's claims against the City and MetLife both revolve around her disability and the payment of disability insurance claims. Also, Plaintiff's claims against both the City and MetLife are for the tort of bad faith.

Therefore, it appears that the statute of limitations has run. It is also unclear whether she filed a notice of claim to the City as required by A.R.S. § 12–821.01. Therefore, Plaintiff's claim against the City does not appear to be viable and there would be no prejudice to her if her motion to amend was denied.[10]

(e) *Prejudice to Plaintiff*

Assuming that the statute of limitations has not run and Plaintiff has filed a timely notice of claim with the City, there is no indication that denial of joinder in this action would prejudice Plaintiff from bringing suit in state court against the City. Although denial of Plaintiff's motion to amend may result in two lawsuits proceeding in two separate forums, because Plaintiff's claims against the City and MetLife are not significantly similar, discovery will not overlap and judicial efficiency will not be diminished.

Based on the above, Plaintiff's motion to amend is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's "Opposition to Notice of Removal" (DOC # 2) is construed as a Motion to Remand and is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Change of Venue (DOC # 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's "Demand for Jury Trial" is untimely. Any trial in this matter shall be to the Court. If a party wishes to challenge this determination, it must file an appropriate motion **within 20 days** of the date of the filing of this order.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Strike" (DOC # 6–1) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Amend Complaint" (DOC # 8–1) is **DENIED**.

---

10. According to a cursory review of Arizona case law, the tort of bad faith is normally asserted against an insurance company, not an employer.