346 F.3d 952
 Allstate Insurance Company, an Illinois corporation, Plaintiff-Appellant,
v.
Devon Hughes; Penny Hughes, and the marital community composed thereof; Devon Hughes Construction, a Washington sole-proprietorship; Phil's Painting, a Washington sole-proprietorship, Defendants-Appellees. Allstate Insurance Company, an Illinois corporation, Plaintiff-Appellant,
v.
Devon Hughes; Penny Hughes, and the marital community composed thereof; Devon Hughes Construction, a Washington sole-proprietorship; Phil's Painting, a Washington sole-proprietorship, Defendants-Appellees.
 No. 02-35582.
 No. 02-35825.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 11, 2003 — Seattle, Washington.
 Filed October 8, 2003.
 
 1
 THIS OPINION HAS BEEN WITHDRAWN AT REQUEST OF THE COURT.
 
 
 2
 Melissa O'Loughlin White and Jodi A. McDougall, Cozen O'Connor, Seattle, Washington, for the plaintiffs-appellants.
 
 
 3
 Mark R. Fahrenkrug, Knowles Ferguson PLLC, Seattle, Washington, for the defendants-appellees.
 
 
 4
 Before: Michael Daly Hawkins and Marsha S. Berzon, Circuit Judges, and Justin L. Quackenbush, Senior District Judge.[1]
 
 OPINION
 QUACKENBUSH, Senior District Judge:
 
 5
 This is a subrogation action by the fire insurance carrier arising out of the destruction by fire of a Seattle-area residence. Plaintiff, Allstate Insurance Company ("Allstate"), appeals from the March 11, 2002 Order of the District Court of the Western District of Washington granting defendants, Devon and Penny Hughes' and Devon Hughes Construction's ("Hughes"), motion for summary judgment. Allstate also appeals the order denying Allstate's motion for reconsideration and the order granting Hughes' motion for attorney fees and costs. Finding that federal court diversity jurisdiction is lacking, we remand to the district court with directions to vacate its prior orders and dismiss the action.
 
 I. BACKGROUND
 
 6
 Devon and Penny Hughes sold a home in Woodinville, Washington to Tom and Cheri Ellstrom. The purchase and sale agreement provided that the Hughes would replace all of the current siding with cedar prior to the transfer of possession. The Ellstroms insured the home through Allstate.
 
 
 7
 The Hughes hired Phil's Painting to paint the cedar siding after it was installed. On September 20, 2000, prior to the Ellstroms taking possession and during the period in which the siding was being painted, the home was severely damaged by fire. The cause of the fire was allegedly an exterior halogen light that had been masked with tape by Phil's Painting. When the light was turned on, it overheated and caused the paper to catch fire. The fire then spread to the rest of the house. Allstate, as the subrogee of the Ellstroms, then brought negligence and breach of contract claims against Hughes alleging that they were either directly or vicariously liable for the actions of Phil's Painting.
 
 II. PROCEDURAL HISTORY
 
 8
 Allstate, in its complaint, alleged federal court diversity jurisdiction stating it was an Illinois corporation and the Hughes were citizens of Washington. While not alleged, it is undisputed that Allstate's insured, the Ellstroms, were also citizens of Washington. The Ellstroms were not named as plaintiffs. Hughes filed a motion for summary judgment. In so doing, counsel for Hughes failed to disclose controlling legal authority that was adverse to their position, namely White Pass Co. v. St. John, 71 Wn.2d 156, 427 P.2d 398 (1967).
 
 
 9
 Allstate filed its opposition to the motion for summary judgment and compounded the problem caused by Hughes' nondisclosure by not relying on, or even mentioning White Pass.
 
 
 10
 White Pass was highly relevant because the Washington Supreme Court there held that the general contractor owed a nondelegable duty to the owner of the property, even for tasks that were not inherently dangerous. Id. at 400-401. "The fact that the respondent [general contractor], by virtue of its contract with the subcontractor, exercised no supervision and control over the manner in which the work was performed, could not absolve it from its responsibility under its contract with appellant." Id. at 400. There is an implied undertaking on the part of a general contractor to see that the work of a subcontractor is performed with due care. Id. at 401.
 
 
 11
 Without White Pass being presented to the court by either party, the district court entered an order granting Hughes' motion for summary judgment and holding that Phil's Painting was an independent contractor of Hughes and Hughes could not be held responsible for the negligence of an independent contractor. Allstate filed a motion to reconsider the grant of summary judgment, relying for the first time on White Pass. The court denied Allstate's motion for reconsideration finding that Allstate had "neglected entirely to defend its breach of contract liability theories" and had not given an explanation for such failure. Allstate filed a notice of appeal from the grant of summary judgment and the denial of the motion for reconsideration. Hughes subsequently filed a motion for attorney fees and costs based upon an attorney fee provision in the Hughes/Ellstrom sale agreement. Allstate also filed a notice of appeal from the order awarding attorney fees and costs.
 
 III. JURISDICTION
 
 12
 Neither Hughes nor Allstate alerted the district court to the diversity of citizenship jurisdiction or real party in interest issues discussed infra. However, this court has an independent obligation to address sua sponte whether we have subject matter jurisdiction. See Dittman v. California, 191 F.3d 1020, 1025 (9th Cir.1999). The court has a continuing obligation to assess its own subject-matter jurisdiction, even if the issue is neglected by the parties. United States v. Ceja-Prado, 333 F.3d 1046, 1049 (9th Cir.2003). "Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998) (quotation marks and citation omitted); see also Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") "We cannot consider the merits of the appeal before assuring ourselves that the district court had jurisdiction." Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1091 (9th Cir.2003).
 
 
 13
 Allstate alleged in its complaint that jurisdiction was proper under 28 U.S.C. § 1332, diversity of citizenship. However, Fed.R.Civ.P. 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." "Whether [Allstate] is the real party in interest under Fed.R.Civ.P. 17(a) in this federal diversity suit is depend[e]nt upon whether [Allstate] is a proper party to maintain this action under applicable state law.... It is well settled that a federal court exercising diversity jurisdiction must apply substantive state law." Am. Triticale, Inc. v. Nytco Servs., Inc., 664 F.2d 1136, 1141 (9th Cir.1981) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).
 
 
 14
 Under Washington law, "[t]he insured, not the insurer, is the real party in interest." McRory v. N. Ins. Co. of N.Y., 138 Wn.2d 550, 556, 980 P.2d 736, 739 (1999) (citing Clow v. Nat'l Indem. Co., 54 Wn.2d 198, 339 P.2d 82 (1959)). In subrogation actions, the insured remains the real party in interest. McRory, 138 Wn.2d at 556 n. 6, 980 P.2d at 739 n. 6; Fraser v. Beutel, 56 Wash.App. 725, 735-37, 785 P.2d 470, 476-77 (1990).
 
 
 15
 Thus, the Ellstroms, and not Allstate, are the real party in interest in this matter and pursuant to Fed.R.Civ.P. 17(a) must be named as plaintiffs. Allstate contended at oral argument that both itself and the Ellstroms were the real parties in interest. Even if we were to accept this contention, the Ellstroms' mandatory inclusion in the matter would destroy diversity jurisdiction, as the Ellstroms are citizens of Washington. Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir.2001).
 
 
 16
 In the absence of diversity of citizenship of the real parties in interest, the district court did not have subject matter jurisdiction and should have dismissed the action.
 
 IV. CONCLUSION
 
 17
 Allstate was not the real party in interest and therefore was not allowed to bring this claim in federal court because of the mandate of Fed.R.Civ.P. 17(a). This action could only be brought in the name of the real party in interest, which in Washington is the insured. Bringing an action in the name of the insured, the Ellstroms, citizens of Washington, would result in the absence of diversity of citizenship, and thus the district court would not have subject matter jurisdiction.
 
 
 18
 We remand to the district court with directions to vacate all its prior orders and dismiss the action for lack of jurisdiction. Neither side shall recover costs.
 
 
 19
 REMANDED WITH INSTRUCTIONS.
 
 
 
 Notes:
 
 
 [1]
 Honorable Justin L. Quackenbush, Senior United States District Judge for the Eastern District of Washington, sitting by designation