ASSOCIATES NATIONAL BANK (DELAWARE), a bank chartered under the laws of Delaware, Plaintiff-counter-defendant—Appellee,

v.

Theodorico ERUM, Jr., Defendant-counter-claimant—Appellant.

No. 03–15320.

D.C. No. CV–00–00769–SOM(BMK).

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

Julia B. Strickland, Esq., Stroock & Stroock & Lavan, Los Angeles, CA, Elizabeth A. Kane, Esq., Stanton, Clay, Chapman, Crumpton and Iwamura, Honolulu, HI, for Plaintiff–Counter–Defendant–Appellee.

Theodorico Erum, Jr., pro se, Kapaa, HI, for Defendant–Counter–Claimant–Appellant.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Theodorico Erum, Jr. appeals pro se the district court's judgment confirming an arbitration award and dismissing his counterclaims against Associates National Bank ("ANB"). Erum also appeals the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

court's interlocutory orders staying the action pending arbitration and compelling arbitration under the Federal Arbitration Act ("FAA"). ANB filed this action in Hawaii state court, and Erum removed the action to the federal district court. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand.

"We have an ongoing obligation to be sure that jurisdiction exists." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003) (per curiam) (order). The FAA does not provide an independent source of federal subject matter jurisdiction. *See G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1103 n. 4 (9th Cir. 2003). It is not clear from the face of the complaint that the district court had either federal question or diversity jurisdiction over the action. *See Matheson*, 319 F.3d at 1090 (in a diversity action, the removing party must prove that amount in controversy exceeds $75,000 where it is not "facially evident" from complaint); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir.1985) (federal question jurisdiction arises only from the face of a well-pleaded complaint, not the defenses or counterclaims alleged by a defendant). We therefore remand this matter to the district court to determine whether the complaint adequately alleges a federal cause of action or facts sufficient to establish diversity jurisdiction. *Cf. Matheson*, 319 F.3d at 1091.

The parties shall bear their own costs on appeal.

VACATED and REMANDED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.