INGENIERIA ALIMENTARIA DEL MATATIPAC, S.A. DE C.V.,
Plaintiff—Appellant,

v.

OCEAN GARDEN PRODUCTS INC.,
a California Corporation,
Defendant—Appellee.

No. 07–55954.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2009.

Filed March 23, 2009.

David R. Clark, Esquire, Higgs Fletcher & Mack, LLP, San Diego, CA, for Plaintiff–Appellant.

Christopher James Beal, Esquire, DLA Piper US, LLP, San Diego, CA, for Defendant–Appellee.

Before: BEEZER and PAEZ, Circuit Judges, and CAMPBELL,\* District Judge.

## MEMORANDUM \*\*

Plaintiff Ingenieria Alimentaria del Matatipac, S.A. de C.V. ("Ingenieria") appeals the district court's dismissal of its complaint against Defendant Ocean Garden Products, Inc. ("Ocean Garden") based on forum selection clauses contained in the contracts between the parties. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part and remand.

The facts are known to the parties and we do not repeat them here.

### I

■ Ingenieria argues that the contractual clauses requiring forum in Mexico are unreasonable and unenforceable. We disagree. A forum selection clause is presumptively valid. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir.2004). The party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust." *Id.* (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). Ingenieria failed to meet its burden of showing that (1) inclusion of the clauses was the result of fraud or overreaching by Ocean Garden; (2) Ingenieria would effectively be deprived of its day in court were the clauses enforced; or (3) enforcement of the clauses would contravene a strong public policy of California. *See id.* The district court did not abuse its discretion in dismissing Ingenieria's contract claims.

### II

■ Ingenieria argues that the forum selection clauses do not extend to its tort claims. "Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir.1988). The district court properly concluded that Ingenieria's claim for unfair competition relates to the interpretation of the contracts.[1]

The district court, however, abused its discretion by dismissing Ingenieria's claims for interference with existing contractual relations and intentional interference with prospective economic advantage. At this preliminary pleading stage and based on the face of the complaint, it ap-

---

\* The Honorable David G. Campbell, District Judge for the District of Arizona, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Ingenieria waived its argument that its two misrepresentation claims do not relate to the interpretation of the contract by failing to oppose dismissal in the district court. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir.2002).

**550**

pears that these two claims do not relate to interpretation of the contracts beyond incorporating by reference the entirety of the complaint. We reverse the district court's dismissal of Ingenieria's two interference claims for improper venue.

When only the two interference claims remain, the complaint does not allege an amount in controversy that exceeds $75,000. We remand to the district court to determine whether Ingenieria can satisfy this jurisdictional requirement. *See Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1091 (9th Cir.2003).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

