
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE A. AVILA, on behalf of himself and all others similarly situated,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CON-WAY FREIGHT INC., a Delaware Corporation,<br><br>Defendant - Appellant. | No. 12-55997<br><br>D.C. No. 8:11-cv-01949-CJC-RNB<br><br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 17, 2014[**]
Pasadena, California

Before: W. FLETCHER and BYBEE, Circuit Judges, and SINGLETON, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

The facts and procedural posture of this case are known to the parties, and we do not repeat them here. Appellant Con-way Freight Inc. poses only one question to us: whether the district court had the authority to remand the case to state court. We hold that once the district court concluded that it lacked subject matter jurisdiction, it had clear authority to remand this case.

We have jurisdiction to determine whether the district court acted within its authority. *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037–38 (9th Cir. 1995) ("Although [28 U.S.C.] § 1447(d) on its face appears to withdraw all appellate jurisdiction to review remand orders . . . . we have jurisdiction to decide whether a district court has the power to do what it did [in issuing a remand order]." (second alteration in original) (citation and internal quotation marks omitted)).

Con-way Freight argues that the district court did not have authority to remand the case because Appellee George A. Avila's motion to remand was untimely under 28 U.S.C. § 1447(c), which states that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." Avila's motion to remand, made more than thirty days after the filing of the notice of removal, contended that the $5 million amount in controversy necessary for jurisdiction

under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2) had not been met. Con-way Freight argues that the motion was therefore untimely under § 1447(c), because "a dispute regarding whether the $5 million amount in controversy has been met is not an issue of subject matter jurisdiction." We disagree. A dispute regarding the amount in controversy is inherently an issue of subject matter jurisdiction. A federal court cannot assert subject matter jurisdiction in a diversity case unless that case presents the requisite amount in controversy. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam).

Con-way Freight does not dispute that the district court lacked subject matter jurisdiction. The judgment is **AFFIRMED.**