**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STALWART CAPITAL, LLC, a New Jersey limited liability company, | No.    16-35079 |
| Plaintiff-Appellant, | D.C. No. C14-01128 TSZ |
| v. | |
| ICAP PACIFIC NORTHWEST OPPORTUNITY AND INCOME FUND, LLC, a Delaware limited liability company et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted March 6, 2018
Seattle, Washington

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BENCIVENGO,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Appellant Stalwart Capital, LLC ("Stalwart") appeals the district court's judgment in favor of Appellees following a jury trial. We have jurisdiction under 28 U.S.C. § 1291. Because we find the record insufficient to establish subject matter jurisdiction, we remand for further findings regarding whether there was diversity jurisdiction when the case was filed, and therefore do not reach the merits of the appeal. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003)("We cannot consider the merits of the appeal before assuring ourselves that the district court had jurisdiction.")

Stalwart filed this case in the district court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). "For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." *Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016). The latter requirement is at issue.

Appellant and three of the Appellees are limited liability companies ("LLCs"), meaning each one "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP,*

2

437 F.3d 894, 899 (9th Cir. 2006). Because the record on appeal was silent as to the membership of the LLC parties and the citizenship of those members, this court ordered supplemental briefing concerning subject matter jurisdiction. Although the parties' briefs included details about the citizenship of the members of several of the LLC parties, the supplemental briefing was not complete as to the citizenship of all members. When a question about jurisdiction is raised *sua sponte* by the court on appeal, and the appellate record is incomplete, it is common to remand to the district court to conduct fact-finding about the parties' citizenship. *Matheson*, 319 F.3d at 1091.

Accordingly, we remand to the district court to ascertain the citizenship of all the parties and determine if there was complete diversity of citizenship at the time the complaint was filed. Neither side shall recover costs.

**REMANDED WITH INSTRUCTIONS**.