**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASPER CROOK; RACHEL CROOK, | No. 19-56392 |
| Plaintiffs-Appellants, | D.C. No. 5:18-cv-02679-AB-SHK |
| v. | |
| WYNDHAM DESTINATIONS, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, SILVERMAN, and CLIFTON, Circuit Judges.

Jasper Crook and Rachel Crook appeal pro se from the district court's

judgment dismissing their action alleging claims related to their timeshare.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th Cir. 2017). We affirm.

The district court properly dismissed the Crooks' action for lack of subject matter jurisdiction because the Crooks failed to allege a federal question or meet the requirements for diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (to establish jurisdiction under § 1331, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint" (citation and internal quotation marks omitted)); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (party asserting diversity jurisdiction under § 1332 must prove that amount in controversy exceeds $75,000 where it is not "facially evident" from complaint; "[c]onclusory allegations as to the amount in controversy are insufficient"). However, a dismissal for lack of subject matter jurisdiction should be without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). We therefore affirm the dismissal and instruct the district court to amend the judgment to reflect that the dismissal of the action is without prejudice.

We reject as without merit the Crooks' contentions that they were entitled to a jury trial.

2                                                                    19-56392

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED; REMANDED with instructions to amend the judgment.**