**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ELSA CHAVEZ,
      *Plaintiff-Appellant*,

v.

JPMORGAN CHASE & CO.; DOES, 1 through 100, Inclusive,
      *Defendants-Appellees.*

No. 16-55957

D.C. No.
2:15-cv-02328-DDP-PJW

OPINION

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, Senior District Judge, Presiding

Argued and Submitted February 14, 2018
Pasadena, California

Filed April 20, 2018

Before: Marsha S. Berzon and Jay S. Bybee, Circuit Judges, and John A. Woodcock, Jr.,* District Judge.

Opinion by Judge Bybee

---

* The Honorable John A. Woodcock, Jr., United States District Judge for the district of Maine, sitting by designation.

**SUMMARY**[**]

---

**Diversity Jurisdiction**

The panel held that the amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332 was satisfied.

Elsa Chavez sued her former employer in California state court, and the employer removed to federal district court on the basis of diversity jurisdiction.

The panel held that the amount in controversy was not limited to damages incurred prior to removal – for example, it was not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). The panel further held that the amount in controversy was determined by the complaint operative at the time of removal and encompassed all relief a court may grant on that complaint if the plaintiff was victorious. The panel applied the standard and concluded that the amount-in-controversy standard was easily satisfied in this case.

The panel reviewed the merits of the district court's summary judgment decision in a concurrently filed memorandum disposition.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kelly R. Horwitz (argued) and Douglas G. Benedon, Benedon & Serlin LLP, Woodland Hills, California; Christopher M. Barnes and Marcus A. Mancini, Mancini & Associates, Sherman Oaks, California; for Plaintiff-Appellant.

Sherry Swieca (argued) and Theresa M. Marchlewski, Jackson Lewis P.C., Los Angeles, California, for Defendants-Appellees.

**OPINION**

BYBEE, Circuit Judge:

Elsa Chavez sued her former employer JPMorgan Chase Bank ("JPMC") in California state court. JPMC removed to federal district court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and won summary judgment on all of Chavez's claims. We review the merits of the district court's summary judgment decision in an accompanying memorandum disposition. Here, we address only Chavez's contention that subject matter jurisdiction is lacking because § 1332's amount-in-controversy requirement was not met when the case was removed.

Specifically, we write to clarify what it means to say that the amount in controversy is determined as of "the time of removal." *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to

after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious. Applying that standard, the amount-in-controversy requirement is easily satisfied here, and we have subject matter jurisdiction over this action.

## I.  BACKGROUND

Elsa Chavez worked as a mortgage banker for JPMC. JPMC terminated her employment on February 6, 2014. She sued JPMC in California Superior Court, alleging (1) harassment, discrimination, and retaliation on the basis of disability under the California Fair Employment and Housing Act ("FEHA"); (2) harassment, discrimination, and retaliation on the basis of age under FEHA; (3) harassment, discrimination, and retaliation for taking protected leave under the California Family Rights Act ("CFRA"); (4) failure to produce employment records under California Labor Code § 226; and (5) wrongful termination under California common law. Her complaint sought "loss of earnings" and "loss of earning capacity," as well as "medical expenses," "reasonable attorneys' fees and costs," "prejudgment interest," "punitive and exemplary damages," "a $750.00 penalty, pursuant to California Labor Code § 226(f)," and injunctive relief.

On March 30, 2015, JPMC removed to the United States District Court for the Central District of California on the basis of diversity jurisdiction. Chavez did not contest removal, and indeed, the parties filed a Stipulated Discovery Plan and Scheduling Order stating: "The parties agree that this Court has jurisdiction over this matter on the basis of

diversity jurisdiction." The district court granted summary judgment for JPMC on all claims, and Chavez appealed. She now argues for the first time that removal was improper and that we lack subject matter jurisdiction over this action because the amount in controversy does not exceed $75,000.

## II. DISCUSSION

Although Chavez did not contest jurisdiction below, we have an independent obligation to ensure subject matter jurisdiction exists. *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). We review the existence of subject matter jurisdiction de novo. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Even where subject matter jurisdiction is otherwise lacking, we always "have jurisdiction to determine our own jurisdiction." *Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1117 (9th Cir. 2009).

A defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). The only jurisdictional basis alleged here is diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity among the parties and an amount in controversy in excess of $75,000, *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). The parties do not dispute complete diversity, and we have no

difficulty finding it satisfied.[1]  We therefore pass directly to considering the amount in controversy.

Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation marks and citations omitted).  The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes."     *Gonzales*, 840 F.3d at 648–49. "Conclusory allegations as to the amount in controversy are insufficient."    *Corral*, 878 F.3d at 774.   In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy.  *Kroske*, 432 F.3d at 980.

As a threshold matter, although litigants cannot stipulate to subject matter jurisdiction where it does not otherwise exist, *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1095 (9th Cir. 1985), Chavez's concession of diversity jurisdiction below is strong evidence that the amount in controversy

---

[1] Chavez is a California citizen.  JPMC is a national bank and, as such, "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (rejecting the view that a national bank is a citizen of every state in which it has a branch because the bank's access to a federal forum would then "be drastically curtailed in comparison to the access afforded state banks").  Because JPMC's main office is located in Ohio, JPMC is an Ohio citizen and is diverse as to Chavez.

exceeds $75,000. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367–68 (7th Cir. 1993) (finding diversity jurisdiction where the plaintiff conceded the amount in controversy "by not contesting removal when the motion was originally made, and by jurisdictional statements . . . in his first brief"), *holding modified on other grounds by Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). Chavez is the master of her complaint, and her concession evinces a good faith belief that her complaint seeks over $75,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 374, 376 (9th Cir. 1997) (plaintiff's judicial admission that his case was "absolutely" worth "considerably more" than $50,000 satisfied the then-applicable amount-in-controversy requirement). Such a concession is tantamount to a plaintiff expressly alleging damages in excess of the jurisdictional amount, which we accept as the amount in controversy if done in good faith. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).

We need not rely on Chavez's concession of jurisdiction alone, as there is other, independently sufficient evidence that the amount in controversy exceeds $75,000. As noted above, Chavez's prayer for relief included "loss of earnings" and "loss of earning capacity." Because Chavez did not contest the amount in controversy below, the record with respect to these claims is somewhat slim. Chavez did admit in her deposition, however, that her salary as a mortgage banker was greater than $39,000 a year and that she had intended to continue working for another nine years. Chavez does not contest these facts and agrees that, if victorious, California

law could entitle her to over $350,000 in lost wages.**²**  *See Wysinger v. Auto. Club of S. Cal.*, 69 Cal. Rptr. 3d 1, 12 (Cal. Ct. App. 2007) ("Under FEHA, an employee . . . may be compensated for a future loss of earnings.").  Thus, Chavez's prayer for past and future lost wages by itself exceeds $75,000, even before factoring in non-economic and punitive damages, attorneys' fees, or other requested relief.

Chavez nevertheless argues that, in calculating the amount in controversy, we may only consider lost wages for the period between her termination in February 2014 and JPMC's removal of this action a little over a year later in March 2015.  Looking only at this period, Chavez's lost wages would be less than $75,000 and would not satisfy the amount-in-controversy requirement.  Chavez bases this argument on our oft-repeated statement that the amount in controversy is assessed as of "the time of removal." *See, e.g.*, *Kroske*, 432 F.3d at 980.  She contends that this means the amount in controversy does not include any damages incurred after the time removal, such as her lost earnings from after March 2015.

---

**²** Chavez does argue that these facts are insufficient to carry JPMC's burden of proof and attempts to analogize this case to *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992).  But the removing defendant in *Gaus* "offered no facts whatsoever to support the court's exercise of jurisdiction." *Id.* at 567.  Here, by contrast, JPMC cites Chavez's concession of jurisdiction and deposition admissions, which are sufficient to carry its burden of proof. *Cf. Singer*, 116 F.3d at 376 ("We understand *Gaus* to mean that where the plaintiff does not claim damages in excess of [the jurisdictional threshold] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [this threshold], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied.").

In considering this argument, we begin with first principles. The amount in controversy is "not a prospective assessment of [a] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Rather, it is the "amount at stake in the underlying litigation." *Gonzales*, 840 F.3d at 648–49. If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are "at stake" in the litigation, whatever the likelihood that she will actually recover them. In such a situation, although the plaintiff's employer would have paid the wages in the future had she remained employed, they are *presently* in controversy. Indeed, courts generally assume as much without discussion. *See, e.g.*, *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (taking into account plaintiff's "lost wages (past and future)"); *Nelson v. Keefer*, 451 F.2d 289, 294 n.10 (3d Cir. 1971) (the amount in controversy includes "wages and earnings, past and future").

When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the defendant. So, for example, if a plaintiff files a complaint in state court and voluntarily dismisses a claim before removal, any relief that might have been awarded on the dismissed claim will not be included in the amount in controversy. Likewise, when the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93 (1938). That the amount in

controversy is assessed at the time of removal does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy. *See, e.g.*, *Steel v. United States*, 813 F.2d 1545, 1547 (9th Cir. 1987) (noting that "past and future pension payments" exceeded the amount-in-controversy requirement); *Broglie v. MacKay-Smith*, 541 F.2d 453, 455 (4th Cir. 1976) ("[A] plaintiff may properly include as part of the amount in controversy costs which will not be incurred until after the suit is ended.").

In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.

## III.  CONCLUSION

The amount in controversy is what is at stake in the litigation at the time of removal.  Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy.  That being the case, the amount in controversy here easily exceeds $75,000.  We therefore have subject matter jurisdiction over this action.