NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEGAN STONE; CHRISTINE CAROSI, individually and as the representatives of all persons similarly situated, | No. 18-35502 |
| Plaintiffs-Appellants, | D.C. No. 3:16-cv-05383-BHS |
| v. | MEMORANDUM* |
| GEICO GENERAL INSURANCE CO., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 9, 2018
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and RAKOFF,** Senior
District Judge.

Megan Stone and Christine Carosi ("plaintiffs") appeal the district court's

denial of their renewed motion to remand this action to state court and their motion

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

for reconsideration. They contend that the district court lacked subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). We have jurisdiction under 28 U.S.C. § 1453(c)(1). Reviewing the district court's jurisdictional ruling de novo and its factual findings for clear error, *see Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1059 (9th Cir. 2015), we affirm.

**1.** In determining the amount in controversy, the district court did not clearly err in its implied finding that attorney's fees for coverage-related issues— so-called "*Olympic Steamship* fees"—might not be segregable from other attorney's fees.[1] If it is impossible to reasonably segregate recoverable and non-recoverable fees, then the entirety of the fees are recoverable. *See King County v. Vinci Constr. Grands Projets/Parsons RCI/Frontier-Kemper, JV*, 398 P.3d 1093, 1100 (Wash. 2017). Thus, for jurisdictional purposes, if it is possible that such segregation will not be feasible, the entire amount of attorney's fees should be included in calculating the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them").

_____

[1] Under Washington law, attorney's fees related to the litigation of "coverage" issues are recoverable, *see Olympic S.S. v. Centennial Ins.*, 811 P.2d 673, 681 (Wash. 1991), while those related solely to litigation of "claims" issues are not, *see Dayton v. Farmers Ins. Grp.*, 876 P.2d 896, 898 (Wash. 1994).

2

The amount of damages that plaintiffs' proposed class could potentially recover inherently depends on "who is insured," a coverage issue. *Vinci Constr.*, 398 P.3d at 1099. Moreover, unlike other litigation where coverage questions and damages questions are litigated in distinct phases, *e.g.*, *McGreevy v. Or. Mut. Ins.*, 951 P.2d 798, 802 (Wash. Ct. App. 1998), *disapproved on other grounds by Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins.*, 26 P.3d 910, 917 (Wash. 2001), here they have been litigated together. While it is possible that, prior to the end of litigation, the district court "could easily dispose of any coverage issue" favorably to plaintiffs through summary judgment, it is also possible that coverage issues will continue to be litigated through trial. Therefore, the district court did not err by including all potential attorney's fees in the amount in controversy.

Nor did the district court clearly err in finding, based on the amount of attorney's fees at stake in a similar case involving the same attorneys and the same defendant, that the fees here could exceed the difference between the damages at issue and CAFA's $5 million threshold. *Cf. Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly considered [the plaintiff's] interrogatory answers and emotional distress damage awards in similar age discrimination cases in Washington.").

**2.** The district court properly determined that removal was timely. While it is now clear that the potential damages are much higher than plaintiffs originally alleged, GEICO had no duty to investigate its own records to determine the accuracy of plaintiffs' damages estimate. *See Harris v. Bankers Life & Cas.*, 425 F.3d 689, 693–94 (9th Cir. 2005). That GEICO did in fact investigate—and may have realized five months before removal that damages could exceed $5 million— is irrelevant. "[A] 'defendant's subjective knowledge cannot convert a non-removable action into a removable one' such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run." *Roth v. CHA Hollywood Med. Ctr., LP*, 720 F.3d 1121, 1126 (9th Cir. 2013). At the earliest, GEICO received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," thereby triggering the 30-day removal period, 28 U.S.C. § 1446(b)(1), when plaintiffs moved for class certification.

**3.** The parties' overbroad motions to seal various documents (docket entry nos. 13, 14, 18, 21, 28, 30) are denied. *See* 9th Cir. Interim R. 27-13(a); *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1136–38 (9th Cir. 2003). These documents shall be made public 30 days from the date of this disposition unless the parties submit versions which limit the redactions to two types of information: the number of GEICO UIM claimants (in total or a subset meeting certain criteria) and

4

the average amount that GEICO paid per claimant for rental car reimbursement.

Plaintiffs' motion to supplement the record (docket entry no. 12) is granted.

**AFFIRMED.**