**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 29 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD STOLZ, | No. 17-17214 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02060-RFB-NJK |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted October 25, 2019
Seattle, Washington

Before: CLIFTON, IKUTA, and BENNETT, Circuit Judges.

Edward Stolz appeals the district court's order granting summary judgment

to Safeco Insurance Company on his Nevada law claims for breach of contract,

contractual breach of the implied covenant of good faith and fair dealing, and

tortious breach of the implied covenant of good faith and fair dealing. While this

appeal was pending, we directed the parties to submit supplemental briefs

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

addressing whether the amount-in-controversy requirement for the district court's subject matter jurisdiction under 28 U.S.C. § 1332(a) was met at the time this case was removed from state court. We are satisfied the district court had subject matter jurisdiction when this case was removed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review the existence of subject matter jurisdiction de novo." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). Likewise, we review de novo a district court's grant of summary judgment. *See HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 644 (9th Cir. 1997).

"A defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action." *Chavez*, 888 F.3d at 415 (citing 28 U.S.C. § 1441(a)). Here, the district court would have had original jurisdiction over the action because the parties do not dispute complete diversity, and Safeco presented sufficient evidence that the amount-in-controversy requirement was met when this case was removed. *See* 28 U.S.C. § 1332(a).

Stolz did not contest removal when the motion was made, and his "concession of diversity jurisdiction below is strong evidence that the amount in controversy exceeds $75,000." *Chavez*, 888 F.3d at 416. Stolz's "concession is tantamount to a plaintiff expressly alleging damages in excess of the jurisdictional amount, which we accept as the amount in controversy if done in good faith." *Id.*

Other evidence demonstrates Stolz's good faith belief that the controversy exceeds $75,000: Stolz moved for summary judgment in the amount of $350,000 and made settlement demands of $80,000 and $85,000. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

Moreover, Stolz's request for $300,000 in punitive damages satisfied § 1332(a)'s amount-in-controversy requirement. Regardless whether Stolz is entitled to punitive damages on the merits, his allegations that Safeco representatives responded to his claim with "a smoke screen of delay and insults" and by attempting to "humiliate or intimidate" him put punitive damages in controversy. *See United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 198 (Nev. 1989) (an insurer may be liable for punitive damages if the insurer acted with "oppression, fraud, or malice" and subjected the plaintiff to "cruel and unjust hardship"). Accordingly, the district court would have had original jurisdiction over this action, and removal was proper.

We affirm the district court's grant of summary judgment for Safeco. Stolz failed to show that he was entitled to performance by Safeco under the contract. Under Nevada law, a contractual party's failure to perform its material obligations excuses the other party's performance. *See Young Elec. Sign Co. v. Fohrman*, 466

P.2d 846, 847 (Nev. 1970).

The undisputed facts establish that Stolz did not fulfill his material obligations under the contract because he failed to provide to Safeco the required information about his stolen items. Further, Safeco could not have paid Stolz's claim without receiving further information from Stolz. After Stolz submitted his insurance claim, Safeco sent him requests for additional information every month from January until October of 2010. Under the insurance policy, Stolz was required to "prepare an inventory of the loss . . . showing in detail the quantity, description, replacement cost and age" of the items, as well as receipts and documents to substantiate the estimated costs of the items. The insurance policy required Stolz to submit this inventory within 60 days of Safeco's request. Stolz sent Safeco a list of stolen items but refused to provide certain required information, including the estimated values, replacement costs, and age of the items. Stolz also refused to identify whether certain items were for business or personal use—information that is necessary to determine the policy coverage limit.

Stolz's failure to provide the required information excused Safeco's performance, and summary judgment in favor of Safeco was therefore appropriate on Stolz's claim for breach of contract. *See Fohrman*, 466 P.2d at 847. Likewise, summary judgment was appropriate on Stolz's claims for contractual and tortious breach of covenant, because Safeco's refusal to compensate Stolz was neither

4

unreasonable nor "without proper cause." *Pemberton v. Farmers Ins. Exch.*, 858

P.2d 380, 382, 384 (Nev. 1993).[1]

**AFFIRMED.**

---

[1] Safeco's Corrected Motion to Supplement the Record (Dkt. 53) is GRANTED. Safeco's Motion to Supplement the Record (Dkt. 51) is DENIED AS MOOT. Safeco's Motion to File Oversized Brief (Dkt. 50) is GRANTED.

*Stolz v. Safeco Ins. Co.*, No. 17-17214

BENNETT, Circuit Judge, dissenting:

I respectfully dissent because the district court did not have subject matter jurisdiction over this case when it was removed from state court under 28 U.S.C. § 1441(a). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," including whether the amount-in-controversy requirement in a diversity action was met at the time of removal. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Where, as here, it is not facially evident from the complaint that the controversy involves more than $75,000, the removing defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 567. Safeco has not proven, by a preponderance of the evidence, that the amount in controversy exceeded $75,000 "at the time of removal." *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citation omitted).

Safeco's evidence is insufficient to prove that more than $75,000 was in controversy. First, Safeco contends that Stolz's failure to object to removal and request for summary judgment in the amount of $350,000 (including $50,000 in compensatory damages and $300,00 in punitive damages) are "admissions" that the amount in controversy was met. While these are relevant considerations,

1

"litigants cannot stipulate to subject matter jurisdiction where it does not otherwise exist." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Stolz's request for $350,000 is not "supported by the plausibility of the admission." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The bulk of Stolz's request for judgment is $300,000 in punitive damages, which are implausible in this case. *See United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 198 (Nev. 1989) (holding that to impose punitive damages, Nevada law requires an insurer to act with "oppression, fraud or malice"); *Matheson*, 319 F.3d at 1091 ("[U]nder the circumstances it is not clear that punitive damages significantly in excess of the $10,000 floor mentioned in the complaint are at stake."). Second, Safeco points to Stolz's settlement offers of $80,000 and $85,000 to show that the amount in controversy exceeded $75,000. The only evidence of these settlement offers is an affidavit filed by Safeco's attorney, and the amount of the settlement offers is not corroborated by any other evidence in the record. *Cf. Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Further, the affidavit does not indicate when these settlement offers were made, and there is no evidence that they existed at the time of removal. Third, Safeco asserts that a hotel incident report stated that $500,000.00 worth of items were stolen. This number is approximately ten times greater than every other estimate in the record, and on oral

2

argument, Safeco's counsel did not deny that this number likely represents a typographical error.

Because the amount-in-controversy requirement was not met when this case was removed to federal court, federal jurisdiction should be rejected. I would remand the case to the district court with instructions to remand to the state court. *See Gaus*, 980 F.2d at 567. Were I to reach the merits, I would agree with the majority that the district court's grant of summary judgment should be affirmed.