NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID TOWNSEND, individually and on behalf of all others similarly situated, <br><br>         Plaintiff-Appellee, <br><br>   v. <br><br> J.B. HUNT TRANSPORT SERVICES INC, an Arkansas corporation; J.B. HUNT TRANSPORT INC., <br><br>         Defendants-Appellants. | No.   23-55044 <br><br> D.C. No. 2:22-cv-05185-PA-MAA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 16, 2023
Pasadena, California

Before: TASHIMA, HURWITZ, and BADE, Circuit Judges.

This appeal considers whether the amount in controversy in a putative class action removed from state court is in excess of $5 million and therefore supports federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The district court found the amount in controversy insufficient under

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CAFA and remanded the action to state court. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand with instructions for the district court to exercise jurisdiction.

The operative state-court complaint alleged that defendants J.B. Hunt Transport Services, Inc. and J.B. Hunt Transport, Inc. (collectively "Hunt") violated California law by "regularly requir[ing]" drivers "to work without being paid minimum wage." It included claims based on Hunt's alleged failure "to compensate Plaintiff and Class Members, each and every day, at least minimum wage for their lawfully required rest breaks," and to provide accurate wage statements. The complaint alleged that the class members were "entitled up to a maximum of $4,000 each" as a result of Hunt's failure to provide complete and accurate wage statements alone.

The amount in controversy "encompasses all relief a court may grant . . . if the plaintiff is victorious," *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018), and represents "the *maximum* recovery the plaintiff could reasonably recover," *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). The amount in controversy is calculated based on the well-pleaded allegations in the complaint, *see, e.g.*, *Chavez*, 888 F.3d at 416, and those allegations make plain that the amount in controversy here exceeds $5 million. Indeed, plaintiff's claim that each driver is entitled to "up to $4,000" for Hunt's

2

alleged failure to provide statutorily compliant wage statements is alone sufficient to meet the amount-in-controversy threshold, given that the number of drivers in the putative class exceeds 2,100. We accordingly reverse and remand with instructions for the district court to exercise CAFA jurisdiction.

**REVERSED AND REMANDED.**