**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDON L. MOE, individually and on behalf of all individuals of the class similarly situated, | No. 22-35161 |
| | D.C. No. 2:19-cv-00023-BMM |
| *Plaintiff-Appellant*, | |
| v. | |
| | OPINION |
| GEICO INDEMNITY COMPANY; GOVERNMENT EMPLOYEES INSURANCE COMPANY; JOHN DOES, II - XX, | |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted February 7, 2023
Portland, Oregon

Filed July 12, 2023

Before: Milan D. Smith, Jr., Danielle J. Forrest, and
Jennifer Sung, Circuit Judges.

Opinion by Judge Forrest

# SUMMARY[*]

## Class Action Fairness Act / Jurisdiction

The panel vacated the district court's judgment in a lawsuit that GEICO Indemnity Co. removed to federal court under the Class Action Fairness Act (CAFA), and remanded for the district court to conduct the necessary evidentiary inquiry and determine whether GEICO can sufficiently establish that more than $5 million is in dispute.

Plaintiff Brandon Moe filed individual and class claims in Montana state court against GEICO after GEICO failed to advance pay Moe's medical bills and lost wages following a car accident caused by GEICO's insured.

The panel held that it could sua sponte question a defendant's allegation of CAFA jurisdiction. The panel further concluded that the current record did not sufficiently demonstrate that CAFA's amount-in-controversy requirement was met because it was not evident from the face of the complaint and the nature of the class claims that this controversy involved more than $5 million, nor did GEICO's notice of removal and supporting declaration satisfactorily establish that more than $5 million was in dispute.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Daniel P. Buckley (argued), Buckley Law Office PC, Bozeman, Montana; Mark J. Luebeck, Angel Coil & Bartlett, Bozeman, Montana; for Plaintiff-Appellant.

Andrew M. Jacobs (argued), Sheila Carmody, Courtney L. Henson, and Dylan Burstein, Snell & Wilmer LLP, Phoenix, Arizona; Kelly H. Dove, Snell & Wilmer LLP, Las Vegas, Nevada; Ian McIntosh and William McIntosh Morris, Crowley Fleck PLLP, Bozeman, Montana; for Defendants-Appellees.

## OPINION

FORREST, Circuit Judge:

Plaintiff Brandon Moe filed individual and class claims in Montana state court against GEICO Indemnity Co. and claims adjuster Government Employees Insurance Company (collectively, GEICO) after GEICO failed to advance pay medical bills and lost wages that Moe incurred following a car accident caused by GEICO's insured. GEICO removed the lawsuit to federal court, asserting jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332.[1] Neither Moe nor the district court questioned whether CAFA jurisdiction was proper. Nevertheless, we have "an independent obligation to ensure subject matter jurisdiction exists," *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413,

---

[1] The parties also asserted that the district court had jurisdiction over Moe's individual state law claims under 28 U.S.C. § 1367.

415 (9th Cir. 2018) (citation omitted), and we question whether CAFA's amount-in-controversy requirement is met here. Because we are uncertain whether federal subject-matter jurisdiction exists, we do not consider the merits of Moe's appeal at this point. Rather, we remand to the district court so that it can conduct the necessary evidentiary inquiry and determine whether GEICO can sufficiently establish that more than $5 million is in dispute in this case.

## I.    Background

On March 15, 2015, Moe was injured when a GEICO-insured driver rear-ended the car that he was riding in while stopped at a redlight. Two days later, Moe told GEICO that he was experiencing back pain and planned to seek medical care. Moe was treated at Health in Motion Physical Therapy (HIMPT), and HIMPT submitted his medical bills to GEICO for payment. Moe's employer also sent a wage verification form to GEICO stating that Moe had to use some of his sick leave for missed workdays related to his injury. HIMPT turned Moe's account over to collections for nonpayment, and a dispute arose between Moe and GEICO regarding whether GEICO was obligated to advance pay his medical bills and lost wages.[2]

---

[2] Montana's Unfair Trade Practices Act (UTPA) requires insurers to promptly pay expenses before a final settlement is reached where liability is reasonably clear and the expenses are causally related to the accident. *See* Mont. Code Ann. § 33-18-201; *Ridley v. Guar. Nat. Ins. Co.*, 286 Mont. 325 (1997), *as modified on denial of reh'g* (Jan. 30, 1998); *DuBray v. Farmers Ins. Exch.*, 307 Mont. 134, 137–38 (2001). However, "[a]n insurer may not be held liable . . . if the insurer had a reasonable basis in law or in fact for contesting the claim or the amount of the claim." Mont. Code Ann. § 33-18-242(6).

Several months later, GEICO issued a check for Moe's medical bills and lost wages. Moe asserts that GEICO's payment was insufficient because it did not cover the roughly $855 in collections fees and interest incurred on his medical bills. Moe sued GEICO in Montana state court on behalf of himself and an asserted class of similarly situated individuals, alleging, among other things, common law bad faith and violations of the UTPA. Moe alleged that GEICO "programmatically" misrepresents its policy provisions and the law to claimants and illegally fails to promptly pay medical bills and lost wages, among other failures. Moe sought declaratory and injunctive relief, general and special damages, and punitive damages.

GEICO removed Moe's lawsuit to federal district court. GEICO asserted subject-matter jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2), because:

> (1) there are potentially more than 100 members in the putative class proposed by Plaintiff Brandon L. Moe ("Plaintiff" or "Moe"); (2) Plaintiff is a citizen of a different state than GEICO; and (3) based upon the allegations in the Complaint and the facts set forth in the attached Declaration of David Antonacci, the claims paid and the damage exposure, not liability, to the potential members of the putative class proposed by Plaintiff, exceeds the sum or value of $5 million in the aggregate, exclusive of interest and costs.

GEICO also submitted a declaration from David Antonacci, "a Technical Supervisor at GEICO," who stated that he

"generated data and can state that the claims paid by GEICO Indemnity Co., and the damage exposure, not liability, to the potential members of the putative class proposed by Plaintiff exceeds the sum or value of $5 million in the aggregate." Moe did not challenge GEICO's removal, nor did the district court question its subject-matter jurisdiction over the case.

Following removal, GEICO moved to dismiss the action, which the district court granted in part and denied in part.[3] GEICO also moved for summary judgment. The district court stayed briefing on class certification and class-related discovery pending resolution of the summary judgment motion. After a magistrate judge recommended that GEICO's motion be granted, Moe requested that the district court certify five questions to the Montana Supreme Court. The district court adopted the magistrate judge's findings and recommendations in full, granted summary judgment for GEICO, and denied Moe's motion for certification. Moe timely appealed.

## II.    Discussion

Although neither Moe nor the district court questioned whether subject-matter jurisdiction exists under CAFA, we may raise this issue sua sponte on appeal if we question jurisdiction. It is well established that we have an independent obligation to ensure that both the district court and this court have subject-matter jurisdiction. *See, e.g.*, *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *Henderson ex*

---

[3] Before the district court issued its order on GEICO's initial motion to dismiss, Moe filed an amended complaint adding Government Employees Insurance Company as a defendant, which Moe alleged was GEICO's adjusting company. GEICO also moved to dismiss the amended complaint, which the court again granted in part and denied in part.

*rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). In order "to facilitate adjudication of certain class actions in federal court," *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), Congress conferred federal jurisdiction over class actions involving at least 100 members who are minimally diverse from the defendants where the amount in controversy exceeds $5 million. *Id.* at 84–85; 28 U.S.C. § 1332(d). A defendant's notice of removal to federal court must "contain[] a short and plain statement of the grounds for removal." *Dart Cherokee*, 574 U.S. at 87 (quoting 28 U.S.C. § 1446(a)). If a defendant claims CAFA jurisdiction and the complaint does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal. *See id.*; *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015).

"[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court*." *Dart Cherokee*, 574 U.S. at 87 (emphasis added). Although the Supreme Court did not specify whether "questioned by the court" includes the courts of appeal, as well as district courts, we conclude that it does. There is no basis for limiting the ability to question a defendant's allegation of jurisdiction only to the district court where the court of appeals has an independent duty to "satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Mitchell*, 293 U.S. at 244; *see also Henderson*, 562 U.S. at 434.

Having concluded that we may sua sponte question a defendant's allegation of CAFA jurisdiction, we further conclude that the current record in this case does not sufficiently demonstrate that CAFA's amount-in-

controversy requirement is met. The amount in controversy "encompasses all relief a court may grant . . . if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–15; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover."); *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (explaining that a defendant may satisfy "the amount-in-controversy requirement under CAFA if it is reasonably possible that it may be liable for the proffered punitive damages amount"). As noted above, in removing a case to federal court, a defendant need only make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. But when the asserted amount in controversy is challenged or questioned, more is required. The Supreme Court has made clear that whether the amount is "contested by the plaintiff or questioned by the court," "[e]vidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B)." *Id.* at 87, 89. Both sides must have an opportunity to "submit proof," and the defendant has the burden to show that the amount-in-controversy requirement is met by a preponderance of the evidence. *See id.* at 88–89; *see also* § 1446(c)(2)(B). In meeting its burden, the defendant may rely on reasonable assumptions in calculating the amount in dispute. *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022); *see also Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020) ("CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." (citation omitted)).

Here, we question whether CAFA's amount in controversy is met because it is not evident from the face of the complaint and the nature of the class claims that this controversy involves more than $5 million, nor does GEICO's notice of removal and supporting declaration satisfactorily establish that more than $5 million is in dispute. Moe seeks to certify a class that includes tort victims who were injured by tortfeasors with coverage under a GEICO policy issued in Montana and who are entitled to advance payments for expenses incurred because of the covered accident. Moe's claimed damages in his individual claim are under $1,000, and there is little indication what the average amount of damages the purported class members may have suffered. Further, it is unclear how large the purported class may be given that Montana's statute of limitations for a common law bad-faith claim is three years, *see Brewington v. Emps. Fire Ins. Co*., 297 Mont. 243, 249 (1999), and the statute of limitations for a UTPA claim is even shorter—two years from the date of violation for an insured, and one year within the date of settlement or entry of judgment on the underlying claim for a third-party claimant, Mont. Code Ann. § 33-18-242(7). That is, we are faced with a narrowly defined class of accident victims injured by someone insured under a GEICO policy *issued in Montana* where the applicable statutes of limitation are short and the delay-based individual damages of each class member may be relatively minimal. This discussion is not to suggest that GEICO cannot meet its burden in establishing that the amount in controversy exceeds $5 million. Rather, we are simply explaining that the required amount in controversy is not clearly evident from the nature of the case or the parties' assertions, which leads us to have unresolved questions about this issue that need to be addressed.

We recognize that "courts should be especially reluctant to sua sponte challenge a defendant's allegations [of jurisdiction]" because "no antiremoval presumption attends cases invoking CAFA." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (quoting *Dart Cherokee*, 574 U.S. at 89). But CAFA does impose specific requirements that must be satisfied before federal jurisdiction is conferred. Therefore, we must balance the need for restraint with our obligation to ensure that subject-matter jurisdiction exists. *See Chavez*, 888 F.3d at 415; *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). And here, as explained, we conclude that the existing record does not satisfactorily demonstrate federal jurisdiction.

Where we have sua sponte questioned the amount-in-controversy requirement in non-CAFA cases, we have remanded for the district court to conduct the necessary evidentiary inquiry. *See, e.g.*, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116–18 (9th Cir. 2004). We do the same here and instruct the district court to conduct the necessary proceedings on remand to determine whether GEICO can show by a preponderance of the evidence that the $5 million amount-in-controversy requirement is satisfied. *See, e.g.*, *Matheson*, 319 F.3d at 1090–91; *Valdez*, 372 F.3d at 1116–18. And we decline to consider the merits of Moe's appeal where we question both the district court's and our jurisdiction over this case. *See Matheson*, 319 F.3d at 1091 ("We cannot consider the merits of the appeal before assuring ourselves that the district court had jurisdiction.").

**VACATED AND REMANDED** for further **proceedings.**