NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRANDON L. MOE, individually and on behalf of all individuals of the class similarly situated,

Plaintiff - Appellant,

v.

GEICO INDEMNITY COMPANY; GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendants - Appellees.

No. 24-3271

D.C. No.
2:19-cv-00023-BMM

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Argued and Submitted May 13, 2025
San Francisco, California

Before: McKEOWN and DE ALBA, Circuit Judges, and BENNETT, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

Brandon Moe appeals the district court's ruling that it had subject-matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and the district court's order granting summary judgment in favor of GEICO. We have an "independent obligation to ensure that both the district court and this court have subject matter jurisdiction," *Moe v. GEICO Indem. Co. (Moe I)*, 73 F.4th 757, 761 (9th Cir. 2023), and reverse.

1.     **CAFA**.  Where, as here, the court questions a removing defendant's amount-in-controversy allegation, the defendant must establish "'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)).  The defendant may aggregate the claims of individual class members, and may "rely on reasonable assumptions" to show the amount in controversy of the aggregated claims. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).  We review "de novo whether the district court had subject-matter jurisdiction," and we review "any factual findings relevant to jurisdiction for clear error." *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1062 (9th Cir. 2019).

GEICO did not meet its burden to show the amount in controversy of the aggregated claims exceeded $5 million.  GEICO assumed, and the district court found, that the total amount of money GEICO paid to claimants who submitted a

2                                      24-3271

bodily injury claim represented the aggregate damages potentially in dispute.  The court's finding did not rely on reasonable assumptions.

First, the district court unreasonably assumed that every bodily injury claimant to whom GEICO paid money was a potential class member.  However, Moe seeks to represent a "narrowly defined class of accident victims," *see Moe I*, 73 F.4th at 762, entitled to advance payments under *Ridley v. Guaranty Nat'l Ins. Co.*, 951 P.2d 987 (Mont. 1997) because GEICO's liability "was/is reasonably clear for those damages . . . ."  *See Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588, 592 (9th Cir. 2013) ("[T]he [CAFA] statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class . . . .").  While Moe alleges that GEICO "programmatically" violates its *Ridley* obligations *when* a claimant is entitled to advance payments, Moe does not allege, and GEICO does not present evidence suggesting, how frequently injury claimants are entitled to advanced payments and are therefore, members of the class.  *See Arias*, 936 F.3d at 925 ("An assumption may be reasonable if it is founded on the allegations of the complaint," but "cannot be pulled from thin air" (internal quotation marks and citation omitted)).

Second, the district court unreasonably assumed that the amount of money GEICO has already paid a claimant reflects what the claimant may now recover for

3                                                          24-3271

GEICO's *Ridley* violations. Moe does not seek to recover all damages incurred by bodily-injury claimants. He seeks to recover "delay-based individual damages," *see Moe I*, 73 F.4th at 762, and outstanding expenses that GEICO has not yet paid. GEICO does not show that all money previously paid to a bodily injury claimant reasonably reflects the potential damages its asserted *Ridley* violations caused. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (explaining that the amount in controversy represents the defendant's possible damages liability in the litigation).

2. **Traditional Diversity Jurisdiction.** "Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)). Because Moe did not preserve his objection to jurisdiction at the time of removal, the question on appeal is "'whether the federal district court would have had original jurisdiction of the case had it been filed' in federal court at the time of final judgment." *Singh*, 925 F.3d at 1065 (quoting *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 703 (1972)).

GEICO did not meet its burden to show the amount in controversy of Moe's

individual claims exceeded $75,000. GEICO relies on a single, pretrial statement that Moe filed in the district court stating he was seeking $100,000 in emotional distress damages. However, GEICO did not argue or offer evidence in the district court to show that Moe's demand "reasonably estimate[d] the value of [his] claims." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021). GEICO argued for the first time at oral argument that Moe's demand reflected a reasonable estimate of the value of his claims, citing *King v. GEICO Indem. Co.*, 712 Fed. App'x 649 (9th Cir. 2017). *Id.* at 650. However, this court's unpublished decision in *King* does not, standing alone, show Moe's demand reflected a reasonable estimate of his potential emotional distress damages. Because the decision in *King* included no discussion of the facts underlying the plaintiff's case, this court cannot determine whether Moe might reasonably recover up to $100,000 in emotional distress damages under Montana law, like the plaintiff in *King*. Nor is it clear from *King* whether the plaintiff's bad-faith claim was based on asserted *Ridley* violations.

For these reasons, GEICO failed to meet its burden to show the amount in controversy necessary to establish the court's jurisdiction under either CAFA or traditional diversity jurisdiction. On remand, GEICO may present additional evidence and offer additional assumptions to establish the jurisdictional threshold.

**REVERSED AND REMANDED.**